```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

TYRONE NELSON,                          :

                 Petitioner,            :    10 Civ. 9021 (LTS)(HBP)

     -against-                          :    OPINION
                                             AND ORDER
PEOPLE OF NEW YORK,                     :

                 Respondent.            :

-----------------------------------X
```

PITMAN, United States Magistrate Judge:

By notice of motion dated February 27, 2012 (Docket Item 17), petitioner moves to add to the record certain materials, which he describes as "discovery exhibits." For the reasons set forth below, the motion is granted in part and denied in part.

This is a habeas corpus proceeding in which petitioner seeks to challenge a judgment of conviction entered on March 5, 2008 after a jury trial, by the Supreme Court of the State of New York for New York County (Stone, J.) for three counts of aggravated criminal contempt and one count of criminal mischief in the fourth degree, in violation of New York Penal Law Sections 215.52(1) and 145.00(1), respectively. The convictions arise out of several altercations petitioner had with his former girlfriend, Alicia Mendez-Vaz, including at least one assault in

which petitioner inflicted injuries on Ms. Mendez-Vaz that were so serious that she was required to undergo reconstructive surgery on her eye. The altercations occurred while an order of protection was in force against petitioner, requiring him to refrain from contact with Mendez-Vaz. The petition asserts five claims: (1) petitioner was deprived of his right to counsel when the Trial Court failed to conduct any inquiry of petitioner, misconstrued his complaints about his counsel as a request to proceed pro se and refused to appoint new counsel for petitioner; (2) petitioner's double jeopardy rights were violated by the prosecution's initiation of grand jury proceedings after initially deciding to proceed by way of information; (3) the prosecution offered evidence of previously precluded bad acts; (4) petitioner's sentence violated due process and was an abuse of discretion in view of the Trial Court's alleged earlier promise to sentence petitioner to a maximum of six to twelve years and (5) petitioner's constitutional speedy trial rights were violated.

The subject of petitioner's present motion is a mixture of documents which appear to relate to petitioner's trial and certain post-trial proceedings. Respondent states that, with two exceptions discussed in more detail below, "[t]o the extent that the records submitted by petitioner were before the state court,

respondent has no objection to the Court's consideration of them" (Declaration of Assistant Attorney General Lisa E. Fleischmann, Esq., dated May 2, 2012 (Docket Item 20) ("Fleischmann Decl."), at ¶ 2). Unfortunately, respondent does not inform me to what extent the materials submitted by petitioner were before the Trial Court. Thus, respondent does not really provide much help. Accordingly, except for the two specific items discussed below, respondent's objections are waived, and the material submitted by petitioner will be made part of the record.

      The first specific item to which respondent objects is Ms. Mendez-Vaz's criminal record, which was apparently disclosed to petitioner before she testified. Respondent claims that this item is irrelevant and "violates the victims's privacy" (Fleischmann Decl. ¶ 2). The document is irrelevant to petitioner's claims. It does not, however, violate any privacy right that Ms. Mendez-Vaz enjoys. Adult convictions are matters of public record; I am not aware of any principle of law (and respondent cites none) that affords a convicted individual a right to keep the conviction secret. Because the document is irrelevant, I shall disregard it. There is no reason to seal it or to have it physically removed from the record in this proceeding, as respondent requests.

The second specific item to which respondent objects is a transcript of certain grand jury testimony. It appears that this material was produced to petitioner during his trial pursuant to People v. Rosario, 9 N.Y.2d 286, 173 N.E.2d 881, 213 N.Y.S.2d 448 (1961) and N.Y. Crim. Proc. Law Section 240.45. Respondent argues that because this material is made secret by statute, N.Y. Crim. Proc. L. § 190.25(4)(a), it should either be sealed or physically removed from the record. In his reply, petitioner argues that the grand jury minutes are relevant to his contention that there were irregularities before the grand jury.

Assuming without deciding that the petition can be read to assert irregularities before the grand jury,[1] such a claim cannot provide a basis for relief. It is fundamental that in a federal habeas corpus proceeding, a petitioner can only assert rights protected by the United States Constitution or other federal law; violations of rights afforded solely by state law are not cognizable in a federal habeas proceeding. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). A state criminal defendant has no federal right to have felony charges against him presented

---

[1] I note that petitioner's motion (Docket Item 17) contains a section entitled "Grounds for Dismissal" in which petitioner lists nine "points," which are unsupported by argument or explanation. To the extent these points might be read as asserting new grounds for habeas corpus relief, I disregard them as an improper attempt to amend the petition.

4

to a grand jury.  <u>Alexander v. Louisiana</u>, 405 U.S. 625, 633 (1972); <u>Hurtado v. California</u>, 110 U.S. 516, 538 (1884); <u>LanFranco v. Murray</u>, 313 F.3d 112, 118 (2d Cir. 2002).  In addition, because New York State law, and not federal law, prescribes how state grand jury proceedings are to be conducted, any claimed irregularity in state grand jury proceedings is necessarily a state law claim and cannot be a basis for habeas corpus relief.

> While New York's constitution creates a right to indictment by a grand jury for felony charges, state law governs how these proceedings are to be conducted and creates the remedies for any procedural violations. Thus, any alleged impropriety in petitioner's grand-jury proceeding arises out of state law and cannot form the basis for federal habeas relief.  <u>See</u>, <u>e.g.</u>, <u>Hutchings v. Herbert</u>, 260 F. Supp. 2d 571, 577 (W.D.N.Y. 2003) (holding that petitioner's grand jury claim was purely a matter of state law and thus did not present a cognizable federal habeas claim); <u>Gibbs v. New York</u>, 2002 WL 31812682, *4 (S.D.N.Y. Dec. 12, 2002) (same).

<u>Harris v. Hulihan</u>, 11 Civ. 3019 (RA)(MHD), 2012 WL 5265624 at *19 (S.D.N.Y. Aug. 8, 2012) (Report & Recommendation) (Dolinger, M.J.).  Finally, even if there were irregularities in the state grand jury proceedings, those irregularities are harmless given the trial jury's finding that petitioner is guilty.  <u>Lopez v. Riley</u>, 865 F.2d 30, 32 (2d Cir. 1989)("If federal grand jury rights are not cognizable on direct appeal where rendered harmless by a petit jury, similar claims concerning a state grand

5

jury proceeding are a fortiori foreclosed in a collateral attack brought in a federal court."), citing United States v. Mechanik, 475 U.S. 66, 72-73 (1986).

Thus, if petitioner has any grand jury claim, it cannot be the basis for habeas corpus relief, and respondent is, therefore, correct that the grand jury minutes are irrelevant to the disposition of the petition.  Because state grand jury material retains its confidential nature notwithstanding a disclosure at a criminal trial, Rechtschaffer v. City of N.Y., 05 Civ. 9930 (RJS)(JCF), 2009 WL 773351 at *3 (S.D.N.Y. Mar. 18, 2009) (Francis, M.J.); Turturro v. City of N.Y., 33 Misc. 3d 454, 455-56, 460-61, 925 N.Y.S.2d 808, 810, 813-14 (Sup. Ct. Kings Co. 2011), the Clerk of the Court is directed to remove the grand jury minutes from Docket Item 17 and to file them under seal.

Accordingly, for all the foregoing reasons, petitioner's motion to add certain documents to the record is granted except with respect to Ms. Mendez-Vaz's criminal record and the grand jury minutes.  The Clerk of the Court shall remove the

grand jury minutes from Docket Item 17 and file them separately, under seal.

Dated:  New York, New York
        March 5, 2013

                                        SO ORDERED

                                        _____
                                        HENRY PITMAN
                                        United States Magistrate Judge

Copies transmitted to:

Mr. Tyrone Nelson
DIN 08-A-1527
Otisville Correctional Facility
57 Sanitorium Road
P.O. Box 8
Otisville, New York  10963-0008

Lisa E. Fleischmann, Esq.
Assistant Attorney General
State of New York
120 Broadway
New York, New York  10271