UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  September 10, 2014

--------------------------------------------------- X
                                    :

TYRONE NELSON,                     :
                                      :

                 Petitioner,    :
                                      :     10 Civ. 9021 (KPF) (HBP)

            v.                  :
                                      :     OPINION AND ORDER

PEOPLE OF NEW YORK,         :     ADOPTING REPORT AND
                                    :     RECOMMENDATION

               Respondent. :
                                      :
--------------------------------------------------- X

KATHERINE POLK FAILLA, District Judge:

     Petitioner Tyrone Nelson ("Petitioner"), who is proceeding *pro se* and is currently incarcerated at the Wallkill Correctional Facility in Wallkill, New York, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on November 17, 2010 (the "Petition"), against the People of New York.  In it, Petitioner seeks review of his New York State Supreme Court convictions for three counts of Aggravated Criminal Contempt and one count of Criminal Mischief in the Fourth Degree, in violation of New York Penal Law §§ 215.52(1) and 145.00(1), respectively.  United States Magistrate Judge Henry B. Pitman issued a Report and Recommendation dated June 18, 2014 (the "Report"), recommending that the Petition be denied.  The Court has examined both the Report and Petitioner's July 21, 2014 Objection to that Report (the "Objection"),

and finds that the Report should be adopted in full.  Accordingly, the Petition is denied.[1]

## BACKGROUND

The facts and procedural history leading up to the Petition are set forth in the Report.  (*See* Dkt. #31).  Nonetheless, a brief summary of the relevant facts is useful to this Court's analysis.

On July 11, 2007, a grand jury indicted Petitioner on one count of Second Degree Assault, three counts of Aggravated Criminal Contempt, and one count of Criminal Mischief in the Fourth Degree, in violation of New York Penal Law §§ 120.05(2), 215.52(1) and 145.00(1), respectively.  (Report 5). Petitioner was convicted at trial of three counts of Aggravated Criminal Contempt and one count of Criminal Mischief in the Fourth Degree, and sentenced on March 5, 2008, to an indeterminate term of nine to eighteen years' imprisonment.  (*Id.* at 8).

The People's evidence at trial established the following:  Petitioner was involved in a romantic relationship with the complaining victim, Alicia Mendez-Vaz.  (Report 2).  The criminal charges against Petitioner arose from several violent incidents between Petitioner and Mendez-Vaz, including episodes in which (i) Petitioner struck the door of Mendez-Vaz's apartment with a dumbbell, resulting in an Order of Protection against Petitioner; (ii) Petitioner

---

[1]    Petitioner submitted reply papers, dated August 25, 2014, without the Court's permission and well after the deadline to file his opposition had passed.  (*See* Dkt. #37). Accordingly, the Court rejects this untimely and unsanctioned filing.  Nonetheless, the Court has reviewed this submission in order to raise *pro se* Petitioner's strongest arguments, and finds that the reply submission largely repeats previously-raised arguments and thus need not be considered here.

punched Mendez-Vaz in the face after accusing her of sleeping with his brother, causing her to fall to the ground, at which point Petitioner kicked her several times, causing bruising and a black eye; (iii) Petitioner became upset over a comment Mendez-Vaz made to him and choked her as a result, causing bruising; (iv) Petitioner became angry after observing Mendez-Vaz with another man, and thereafter attacked Mendez-Vaz by digging his thumb into her left eye, punching her in the face, hitting her with a glass object, and choking her until she lost consciousness.  (Report 2-4).[2]

Petitioner was appointed counsel at the time of his arraignment; however, he notified the Court that he was unhappy with his counsel and wished to be appointed new counsel.  (Report 5).  The court granted his request.  However, on the day before trial, Petitioner notified the court that he no longer wished to be represented by his second appointed counsel; in support of that assertion, Petitioner complained, in sum and substance, that that counsel had treated him brusquely.  (*Id.* at 5-6).  The trial court denied his motion for new counsel, and Petitioner elected to proceed to trial *pro se*, though with his second appointed counsel acting as standby counsel.  (*Id.* at 6-7).

Petitioner testified in his own defense at trial, during which he claimed that Mendez-Vaz's injuries were caused by a combination of epileptic and sinus conditions and denied ever striking Mendez-Vaz.  (Report 4).  Petitioner was

---

[2]     Mendez-Vaz underwent reconstructive surgery on her left eye following the last assault. (Report 4).

ultimately convicted at trial of four of the five counts with which he had been initially charged, acquitting him of the assault charge.

On March 7, 2008, Petitioner moved to set aside the jury's verdict pursuant to New York Criminal Procedure Law ("CPL") § 330.30; that motion was denied on August 22, 2008. (Report 8-9). The Appellate Division affirmed Petitioner's conviction on June 23, 2009. *People* v. *Nelson*, 881 N.Y.2d 94 (1st Dep't 2009). Petitioner's application to appeal that decision was denied by the New York Court of Appeals on August 20, 2009. *People* v. *Nelson*, 13 N.Y.3d 861 (2009).

While Petitioner's direct appeal was pending, he made several collateral attacks on his conviction in state court. His proceeding pursuant to Article 78 of New York's Civil Practice Law and Rules was dismissed on September 24, 2008. (Report 11-12). Petitioner's motion to vacate his conviction pursuant to N.Y. CPL § 440.10 was denied on May 22, 2009. (*Id.* at 12). The Appellate Division denied his application for leave to appeal that determination on March 10, 2009.

## THE STANDARD OF REVIEW

A court may accept, reject, or modify, in whole or in part, the findings or recommendations made by a magistrate judge. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Grassia* v. *Scully*, 892 F.2d 16, 19 (2d Cir. 1989). A court may accept those portions of a report to which no specific, written objection is made, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See Greene* v. *WCI Holdings Corp.*, 956 F. Supp. 509, 513

(S.D.N.Y. 1997) (citing Fed. R. Civ. P. 72(b) and *Thomas* v. *Am*, 474 U.S. 140,

149 (1985)).  A magistrate judge's decision is clearly erroneous only if the

district court is "left with the definite and firm conviction that a mistake has

been committed." *Easley* v. *Cromartie*, 532 U.S. 234, 235, 242 (2001) (quoting

*United States* v. *U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

To the extent that a petitioner makes specific objections to a magistrate

judge's findings, the court must undertake a *de novo* review of the objections.

*See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *United States* v. *Male Juvenile*,

121 F.3d 34, 38 (2d Cir. 1997).  *Pro se* filings are read liberally and interpreted

"to raise the strongest arguments that they suggest." *Pabon* v. *Wright*, 459

F.3d 241, 248 (2d Cir. 2006) (internal quotation marks omitted).  However,

where objections are "conclusory or general," or where the petitioner "simply

reiterates his original arguments," the report should be reviewed only for clear

error.  *Walker* v. *Vaughan*, 216 F. Supp. 2d 290, 292 (S.D.N.Y. 2002) (internal

citation and quotation marks omitted).

## DISCUSSION

### A.    Petitioner's Grounds for Habeas Relief

The Petition, along with the other papers submitted by Petitioner to this

Court and various other state courts, is particularly difficult to follow.  Judge

Pitman construed the Petition to assert five claims: (i) Petitioner was deprived

of his right to counsel when the trial court failed to conduct any inquiry of

Petitioner's second counsel, and failed to appoint new counsel, after Petitioner

identified a "conflict"; (ii) Petitioner's sentence violated his Due Process rights

and was an abuse of the trial court's discretion, in view of the court's alleged earlier promise to impose a maximum sentence of six to twelve years; (iii) Petitioner's Double Jeopardy right was violated by the prosecution's initiation of grand jury proceedings after initially deciding to proceed by way of information; (iv) the prosecution improperly offered evidence of previously precluded bad acts; and (v) Petitioner's right to a speedy trial was violated. (Report 13-14).

**B.    The Report**

Judge Pitman thoroughly and carefully considered each claim conceivably implicated by the Petition, and properly determined that they had no merit, as will be discussed more fully below.  Petitioner's responsive submission to this Court fails to raise any specific objection to the Report. Instead, in his Objection, Petitioner (i) provides a multi-page recitation of the history of the romantic relationship between Petitioner and Mendez-Vaz; (ii) raises new claims not previously before the Court, including claims that (a)  his due process rights were violated when certain medical records were not turned over to him, and (b) the prosecution withheld certain evidence from him; and (iii) quotes heavily from other unrelated court opinions regarding the Sixth Amendment right to counsel generally.  (*See generally* Dkt. #36). Petitioner's Objection thus both raises plainly unexhausted claims and is irrelevant to this Court's review.  On this basis, Petitioner has failed to properly object to the Report, and the Court has accordingly reviewed the Report for clear error.  There is none.

6

C.      **Review of Petitioner's Claims**

1.      **Right to Counsel Claim**

Judge Pitman first noted that Petitioner's claim could be best understood as a claim that he was denied counsel of his choice.  (Report 25).  It is well-established that "the right to counsel of choice does not extend to defendants who require counsel to be appointed for them."  *United States* v. *Gonzalez-Lopez*, 548 U.S. 140, 151 (2006).  Accordingly, Petitioner had no right to counsel of his choice, and his claim fails to state a ground for relief on this basis.  (*See* Report 25-27 (collecting cases)).

To the extent Petitioner complains of the trial court's failure to engage in an inquiry regarding substitution of counsel, Judge Pitman correctly found that the record failed to establish any basis for such an inquiry.  (Report 27).  "On the eve of trial," as Petitioner's request was here, "a defendant can only substitute new counsel when unusual circumstances are found to exist, such as a complete breakdown of communication or an irreconcilable conflict."  *United States* v. *Schmidt*, 105 F.3d 82, 89 (2d Cir. 1997).  On this basis, Petitioner's complaint that counsel "sp[oke] to him" in a rude or brusque manner did not trigger any duty on behalf of the trial court to inquire further.  (*See id.* at 28-29).  Put simply, no "conflict" was ever identified to the trial court.  Accordingly, the Court finds no clear error in the Report's recommendation in this respect.

### 2.   Sentencing Claim

Judge Pitman construed the Petition as claiming that Petitioner's sentence of nine to eighteen years' imprisonment violated the Fourteenth Amendment's Due Process clause, in light of the trial court's alleged "promise" during plea negotiations that his maximum sentence would not exceed six to twelve years.  (Report 30).  According to Petitioner, this "promise" rendered Petitioner's decision to proceed to trial not knowing, voluntary, and intelligent.  (*Id.* at 31).  However, even assuming that any such "promise" had been made by the trial court, Judge Pitman correctly noted that the decision to proceed to trial need not be knowing, voluntary, and intelligent.  In contrast to a guilty plea, where a defendant waives certain constitutional rights (such as the right to trial by jury), the decision to proceed to trial constitutes a waiver of no rights.  (Report 32 (collecting cases)).  In addition, to the extent Petitioner seeks federal court review of the length of his sentence, Judge Pitman properly found that such a claim may not be considered in a habeas proceeding, because a defendant has no substantive right to a particular sentence within a range authorized by statute.  *See White* v. *Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992) (per curiam).  On this basis, the Report properly determined that Petitioner's claim was frivolous and failed to provide a ground for relief.

### 3.   Petitioner's Remaining Claims

Judge Pitman found that Petitioner's remaining claims — based upon Petitioner's Double Jeopardy clause rights, the purportedly improper admission of evidence of prior bad acts, and Petitioner's right to a speedy trial — were

each procedurally barred and improperly before this Court.  (Report 34-38).
Petitioner has failed to object to this, or any, determination in the Report.
Accordingly, the Court has reviewed Judge Pitman's decision for clear error in
this regard and has found none.  Each of these claims is procedurally barred
for the reasons discussed in the well-reasoned and thorough Report.  (*See id.*).
Accordingly, Petitioner has failed to assert appropriate grounds for relief and
the Petition must be denied on this basis.

## CONCLUSION

For the foregoing reasons, the Report is adopted in full, and the Petition
is DENIED.  The Clerk of Court is directed to mark the case as closed.

Since Petitioner has not made a substantial showing of the denial of a
constitutional right, a certificate of appealability will not issue.  *See* 28 U.S.C.
§ 2253(c).  Pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Order
would not be taken in good faith and therefore *in forma pauperis* status is
denied for the purpose of any appeal.  *Coppedge* v. *United States,* 369 U.S. 438,
444-45 (1962).  The Clerk of Court shall dismiss this Petition and close the
case.

SO ORDERED.

Dated: September 10, 2014
       New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

A copy of this Order was mailed by Chambers to:

Tyrone Nelson
08-A-1527
Wallkill Correctional Facility
Route 208
Wallkill, NY 12589-0286

9